Peter Kleidman, Plaintiff in pro se
456 Glenbrook Rd., #506
Stamford CT 06906
Telephone: 971 217 7819
Facsimile: 971 228 6000
Email: kleidman11@gmail.com



FILED

CLERK, U.S. DISTRICT COURT

3/16/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Fee Paid

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Peter Kleidman,<br><br>　　　　Plaintiff<br><br>vs.<br><br>Judge Victoria S. Kaufman,<br><br>　　　　Defendant. | ) Case No.: 2:26-cv-02759-SB-BFMx<br>)<br>) COMPLAINT FOR WRIT RELIEF<br>) UNDER 28 USC § 1651 FOR<br>) VIOLATION OF RIGHT OF DUE<br>) PROCESS |

### Parties

1. Judge Victoria S. Kaufman is a bankruptcy judge in the bankruptcy court for the Central District of California, San Fernando Valley Division in Woodland Hills, CA.

### Venue and Jurisdiction

2. This Court has jurisdiction as Plaintiff alleges violation of his constitutional right to due process under the 14th Amendment. 28 USC §1331.

3. Venue is proper in the Central District because the alleged violation of Plaintiff's constitutional rights were perpetrated by Judge Kaufman located in Los Angeles County.

### Count 1 – Writ Relief Regarding Due Process

1. Judge Kaufman is presiding over the Chapter 7 bankruptcy case with debtor Jordan Gene Pearlman, *In re Pearlman*, No. 1:25-bk-11678-VK, currently pending

COMPLAINT

1

in the bankruptcy court for the Central District of California, San Fernando Valley Division. Kleidman is a creditor in the case.

2.  Kleidman filed an adversary proceeding against debtor Pearlman, *Kleidman v. Pearlman*, No. 1:26-ap-01009-VK, currently pending in the same court. Judge Kaufman is also presiding over the adversary proceeding, *Kleidman v. Pearlman*.

3. Judge Kaufman has deprived Kleidman of due process in the course of presiding over the underlying case, and there is an imminent threat that she will continue to do so going forward, and that she will do so in *Kleidman v. Pearlman*.

4.  For instance (without limitation), Pearlman made a motion for sanctions under § 362(k).[1] The only injury and damages that Pearlman claimed were the attorney's fees in making the motion.

5. In opposition Kleidman argued extensively that the injury and damage referenced in § 362(k)(1) cannot be merely the attorney's fees in prosecuting the § 362(k)(1) proceedings; i.e., there must be some antecedent injury and damage *before* proceedings may be prosecuted under § 362(k)(1). bk doc. #57, at 21-24, §IX.[2] In particular, Kleidman argued (inter alia) that an uninjured, undamaged person cannot manufacture damages by prosecuting a § 362(k)(1) proceeding and then claiming attorney's therefor as the only basis for damages.

6.  Pearlman did not address this argument in his reply papers. bk docs. #63, #64.

7.  Judge Kaufman did not address this point in her tentative ruling because she ignored Kleidman's arguments, or did not take them seriously enough.

8.  Kleidman raised the point again orally at the hearing.

9.  In response, Judge Kaufman, talking quickly, gave an argument without citing any legal authority. She acted as Pearlman's de facto attorney and as his advocate, providing him with arguments that he did not bother to make for himself, and for which he had the burden of proof. Kleidman did not have sufficient time to

---

[1] Unlabeled statutory references are to Title 11 of the US Code.
[2] This reference is to the bankruptcy docket number 57.

COMPLAINT

2

analyze and research Judge Kaufman's arguments. Judge Kaufman entered the order against Kleidman without giving him the chance to spend adequate time to study and respond to her oral argument, thereby violating due process.

10. "[W]hen a judge becomes an advocate for one party … [she/he] oversteps the bounds of propriety in directing and governing the conduct of the trial." *US v. Harris*, 488 F.2d 867, 868-869 (8th Cir. 1973); *Knapp v. Kinsey*, 232 F.2d 458, 467 (6th Cir 1956) (judge must act with impartiality, not as an advocate for one of the litigants). However, Judge Kaufman became an advocate for Pearlman on an issue for which Pearlman bore the burden of proof, thereby violating Kleidman's due process rights.

11. In her final decision, Judge Kaufman never bothered to put pen to paper to articulate her argument in writing. bk docs. #99, #100.

12. Failing to put pen to paper increases the risk of error and therefore violates due process. "[P]utting pen to paper can often shed new light on what may at first appear to be an open-and-shut issue." *Penson v. Ohio*, 488 US 75, 81-82, n. 4 (1988), accord *Smith v. Robbins*, 528 US 259, 290, 291 (2000) (Stevens, Ginsburg, JJ, dissenting) ("On a good many occasions … writing out the reasons that support an initial opinion … leads to a conclusion that was not previously apparent"). Thus the act of putting pen to paper, explaining one's reasoning, helps ensure the decision is rendered more thoughtfully, and therefore more likely correct. Ruth Bader Ginsburg, *Remarks on Writing Separately,* 65 Wash.L.Rev. 133, 139 (1990) ("'I have not found a better test for the solution of a case than its articulation in writing, which is thinking at its hardest. A judge ... often discovers that his tentative views will not jell in the writing'").

13. By failing to put pen to paper, Judge Kaufman's decision on this issue was more error prone. However, due process procedural guardrails are in place to minimize the risk of error. *Greenholtz v. Inmates of Neb.*, etc., 442 US 1, 12-13 (1979). Thus, by failing to put pen to paper, Judge Kaufman deprived Kleidman of

a procedural guardrail that he deserved as a matter of due process.

14. Judge Kaufman denied Kleidman due process by making a factual findings without any evidence. For instance (without limitation) she found that the appropriate hourly rate of Pearlman's attorney, Mr. Spector, was $490, but did so without any evidence thereof presented in the proceedings.

15. Kleidman argued this point in his opposition. bk doc. #57, at 26-28.

16. Pearlman's reply provided no counter-argument.

17. As before, Judge Kaufman's tentative did not address Kleidman's argument because she ignored it or did not take it seriously enough.

18. Kleidman raised the issue at the hearing.

19. Mr. Spector spoke, but he was not under oath, and so he provided no evidence.

20. Judge Kaufman then argued on Pearlman's and Mr. Spector's behalf, again acting as Mr. Spetor's advocate. She ruled in favor of Pearlman based on other attorneys' fees applications in other proceedings in which Kleidman was not a party, and she presented no evidence to Kleidman for him to consider.

21. "When the [decision-maker] relies on evidence that [a party] has no chance to refute, the hearing becomes infected with a procedure that lacks that fundamental fairness the citizen expects from his Government." *US v. Carlo Bianchi & Co.*, 373 US 709, 720 (1963). "The basic elements of … a [fair and full] hearing include the right of each party to be apprized of all the evidence upon which a factual adjudication rests, plus the right to examine, explain or rebut all such evidence." *Carter v. Kubler*, 320 US 243, 247 (1943). Since Judge Kaufman relied on evidence which was never presented to Kleidman, she deprived him of due process.

22. Kleidman made a motion objecting to Pearlman's claimed exemptions. bk docs. #71, #72. Kleidman argued that he had a security interest in Pearlman's assets; that Pearlman failed to file a statement of intention respecting those assets

as required by § 521(a)(2); that these assets were no longer property of the estate per § 362(h); and therefore the Court could not impose any exemptions, since exemptions may be applied only to property of the estate. bk doc. #71, at 2-4, §II, §III. Kleidman even cited an authority: *In re Marrama*, 307 BR 332, 339 (Bankr. D. Mass. 2004) ("An exemption may be claimed only in property of the estate").

23. Judge Kaufman's tentative stated that Kleidman did not cite any authority which supports his argument. But Kleidman did cite authorities (§ 362(h) and *Marrama*). This means that Judge Kaufman did not consider Kleidman's argument seriously enough, thereby violating due process.

24. Judge Kaufman argued that the Court could impose exemptions on property outside of the estate because it could avoid liens on exempt property. However, the issue of whether the Court can avoid a lien on exempt property under § 522(f) is distinct from the issue of whether the Court can impose exemptions on property that has been removed from the estate under § 362(h). Judge Kaufman argued based on a different issue because she did not bother to seriously consider Kleidman's position.

25. Judge Kaufman adopted the tentative as her final decision. bk docs. #155, #139. She did not take Kleidman's argument seriously enough, thereby violating due process.

26. Kleidman made a motion to compel, in which he argued that Pearlman should be required to complete Schedule I (Official Form 106I). bk doc. #79, #80. In particular, Kleidman argued that Pearlman was under a Court order to complete Schedule I to the best of his ability, and instead he intentionally violated the order by purposefully omitting information he did not want to provide. bk doc. #79, at 4-5.

27. Pearlman's reply did not address this argument. bk doc. #92.

28. Judge Kaufman's tentative did not address Kleidman's argument because she ignored it or did not take it seriously enough.

29. Kleidman re-argued this point at the hearing.

30. Judge Kaufman did not even speak to this argument at the hearing.

31. Judge Kaufman adopted the tentative as her final decision. bk docs. #156, #140.

32. Judge Kaufman violated Kleidman's due process rights because she did not take Kleidman's argument seriously enough, and did not bother to put pen to paper to articulate why she rejected it.

33. In the adversary proceeding *Kleidman v. Pearlman*, Kleidman alleges that Pearlman should be denied a discharge under § 727(a)(6) due to his intentional refusal to obey the bankruptcy court's order to complete Schedule I to the best of his ability. Given the way Judge Kaufman treated this issue in connection with the aforementioned motion to compel (*supra*, ¶¶25-31), there is an imminent threat that she will not be able to conduct a fair trial on this issue in *Kleidman v. Pearlman*.

34. Based on the foregoing, it is requested that the Court issue a writ under 11 USC § 1651 which commands Judge Kaufman to provide Kleidman with due process in the future proceedings in the bankruptcy proceedings, both in the underlying bankruptcy case, the adversary proceeding (*Kleidman v. Pearlman*), and in any subsequent adversary proceedings that may arise in the case.

WHEREFORE, Plaintiff prays for judgment as follows:

i)  A writ under 28 USC § 1651 which commands Judge Kaufman to afford Kleidman due process in the future in the underlying bankruptcy case (*In re Pearlman*), the adversary proceeding (*Kleidman v. Pearlman*), and in all other adversary proceedings that may arise in this case. In particular, it is requested that the writ command Judge Kaufman (inter alia) as follows:

a)  To take Kleidman's arguments seriously;

b)  To put pen to paper to explain why she rejects any of Kleidman's arguments;

COMPLAINT

6

    c)  To refrain from acting as Kleidman's opponent's advocate when said opponent has the burden of proof;

    d)  To provide Kleidman with adequate time to research, analyze and meaningfully respond to arguments that she makes sua sponte;

    e)  To make factual findings based only on evidence which has been first presented to Kleidman so that he has had an adequate opportunity to analyze and challenge it.

ii) For costs.

iii) For such other relief as the Court deems just and proper.

Dated: March 16, 2026                         Respectfully,

                                    Peter Kleidman, plaintiff, pro se