UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PETER KLEIDMAN,

Plaintiff,

v.

JUDGE VICTORIA S. KAUFMAN,

Defendant.

Case No. 2:26-cv-02759-SB-BFM

ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION

Plaintiff Peter Kleidman, proceeding pro se, is a creditor in a Chapter 7 bankruptcy case currently pending before Defendant Judge Victoria S. Kaufman in the U.S. Bankruptcy Court for the Central District of California. *In re Pearlman*, No. 1:25-BK-11678 (Bankr. C.D. Cal.). In January and February 2026, Plaintiff appealed two of Judge Kaufman's orders to the Bankruptcy Appellate Panel (BAP). *Pearlman*, ECF Nos 116, 162. While those appeals were pending, Plaintiff filed this action, alleging that Judge Kaufman denied Plaintiff due process by acting as the debtor's "de facto attorney," failing to consider Plaintiff's arguments, making factual findings without evidence, and failing to provide adequate written explanations for her decisions. Dkt. No. 1 ¶¶ 9, 11, 14, 17. The allegations refer, in substantial part, to the orders appealed to the BAP. *Id.* ¶¶ 4–21 (discussing order appealed in January); *Id.* ¶¶ 22–25 (discussing order appealed in February). The complaint asks the Court to issue a writ pursuant to 28 U.S.C. § 1651 ordering Judge Kaufman to "afford Kleidman due process in the future," including by "tak[ing his] arguments seriously" and explaining in writing why she rejects any of his arguments. *Id.* ¶ 34.

Plaintiff's action faces at least two serious obstacles. First, to grant the relief Plaintiff seeks, the Court "would in essence be issuing a writ of mandamus to the bankruptcy court." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987). But the Ninth Circuit has stated that "a district court lacks the authority to issue a writ of mandamus to a bankruptcy court." *Ayrs v. Greenwald*, 21 F.3d 1111, 1111 (9th Cir. 1994) (unpublished table decision) (citing *Mullis*); *accord In re Bauman*, No. 24-CV-926, 2024 WL 2965617, at *2 (S.D. Cal. June 11, 2024).

Second, the complaint addresses matters that Plaintiff has separately appealed to the BAP, which has already rejected some of his arguments, affirming Judge Kaufman's ruling that was the subject of the January appeal in a 21-page opinion. *In re Pearlman*, No. 26-1005, 2026 WL 1791719 (B.A.P. 9th Cir. June 22, 2026). The BAP also heard oral argument in Plaintiff's other appeal and took the matter under submission on July 16, 2026. *In re Pearlman*, No. 26-1051, ECF No. 17 (9th Cir. B.A.P. July 16, 2026). These decisions raise questions about whether Plaintiff's claims are either moot or, to the extent the merits of Plaintiff's decisions are implicated, barred by res judicata.

Plaintiff filed a proof of service on June 9, 2026, representing that Judge Kaufman had been served by (1) sending the summons and complaint by certified mail to the U.S. Attorney for the Central District of California and the U.S. Attorney General and (2) leaving the documents with an unspecified "Clerk, authorized to accept documents" at the bankruptcy courthouse. Dkt. No. 10. If service was proper, then the time to respond has passed, and Judge Kaufman has not answered.

Before addressing whether Judge Kaufman was properly served (and remedying any deficiencies), the better course is to first address the significant barriers that would appear to preclude the Court from granting relief even if default were entered against her. Accordingly, Plaintiff is ordered to show cause in writing no later than September 4, 2026, why this action should not be dismissed either because the Court lacks authority to grant the relief sought or for mootness in light of the B.A.P.'s decision and the pending appeal. Failure to respond timely will be deemed consent to the dismissal of this action without prejudice.

Date: August 17, 2026

Stanley Blumenfeld, Jr.
United States District Judge