UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PETER KLEIDMAN,

Plaintiff,

v.

JUDGE VICTORIA S. KAUFMAN,

Defendant.

Case No. 2:26-cv-02759-SB-BFM

ORDER OF DISMISSAL

Plaintiff Peter Kleidman, proceeding pro se, is a creditor in a Chapter 7 bankruptcy case currently pending before Defendant Judge Victoria S. Kaufman in the U.S. Bankruptcy Court for the Central District of California. *In re Pearlman*, No. 1:25-BK-11678 (Bankr. C.D. Cal.). In addition to appealing two of Judge Kaufman's orders (at least one of which has been affirmed), Plaintiff filed this action seeking a writ ordering her to, among other things, "take [his] arguments seriously" and provide written explanations "why she rejects any of [his] arguments." Dkt. No. 1 at 6.

Federal jurisdiction under Article III of the U.S. Constitution requires redressability—i.e., the court must be able to grant the plaintiff relief that will redress his injury. "To establish Article III redressability, the plaintiffs must show that the relief they seek is both (1) substantially likely to redress their injuries; and (2) within the district court's power to award." *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020); *accord M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) ("[E]ven where a plaintiff requests relief that would redress her claimed injury, there is no redressability if a federal court lacks the power to issue such relief."). Accordingly, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of subject-matter jurisdiction because the Court lacks authority to grant the relief he seeks.[1] Dkt. No. 12; *see Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393–94 (9th Cir. 1987) (explaining that a district court lacks authority to issue relief that "would in essence be issuing a writ

[1] The order to show cause also raised questions about mootness and res judicata in light of the disposition of Plaintiff's appeals, but it is unnecessary to reach those issues.

of mandamus to the bankruptcy court" and that to allow such relief would permit improper collateral attacks); *Ayrs v. Greenwald*, 21 F.3d 1111, 1111 (9th Cir. 1994) (unpublished table decision) ("[A] district court lacks the authority to issue a writ of mandamus to a bankruptcy court . . . .") (citing *Mullis*); *accord In re Bauman*, No. 24-CV-926, 2024 WL 2965617, at *2 (S.D. Cal. June 11, 2024).

In his response to the order to show cause, Plaintiff argues that "there is no binding authority which definitively holds that a district court cannot issue a prerogative writ against a bankruptcy court" because the cases identified by the Court are nonbinding (either because the case is unpublished or the analysis is dicta). Dkt. No. 13 at 1–3. He also asserts that because courts of appeals can issue writs to the district courts, "district courts should likewise be able to issue writs against the bankruptcy court in aid of their appellate jurisdiction." *Id.* at 3.

As the party invoking the Court's subject-matter jurisdiction, Plaintiff has the burden to demonstrate that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff cites no authority permitting the Court to grant the relief he seeks. His unsupported assertion that district courts "should . . . be able to" grant such relief is insufficient to meet his burden, particularly where the only identified cases addressing the issue cut against his position.[2] Accordingly, because Plaintiff has not shown that the Court has authority to grant the relief he seeks, this action is dismissed without prejudice for lack of subject-matter jurisdiction.

A final judgment will be entered separately.

Date: September 9, 2026

Stanley Blumenfeld, Jr.
United States District Judge

[2] Plaintiff relies on language in *Mullis* that "[s]hould a federal judge or other federal official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals . . . and for petitioning for extraordinary writs in Title 28 of the United States Code." 828 F.2d at 1394. The footnote to that sentence emphasizes that the relevant cases involving writs "are federal cases in which courts of appeals issued writs of mandamus to district courts." *Id.* at 1394 n.22. Thus, *Mullis* does not suggest that district courts may issue such writs to bankruptcy courts—a practice it rejected.